ROSARIO, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Correct a Curable Defect.

No. 270.—Decided March 24, 1916.

CANCELLATION OF MORTGAGE—POWER OF ATTORNEY—RETROACTIVE EFFECT—RATIFICATION—CURABLE DEFECT.—In this appeal the registrar assigned as a curable defect the failure to show the character and powers of an attorney in fact to cancel a certain mortgage. In order to correct this defect, the appellant presented an instrument of ratification and power of attorney executed by the principal. The registrar held that the defect was not cured because the power of attorney presented was of a later date than the deed of cancellation and did not expressly ratify the cancellation of the mortgage. In reversing the decision of the registrar it was held that although the power of attorney was of a later date than the deed of cancellation, the principal ratified the previous acts and contracts of the attorney in fact and gave

retroactive effect to the authority conferred upon him and that the cancellation of the mortgage should have legal effect from the date thereof, without the necessity of a new instrument.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By a public deed of August 6, 1915, Robert Kerr sold to José Ezequiel Rosario Santiago a lot of an area of 449.56 square meters in Machuchal, ward of Santurce, municipality of San Juan, which he segregated from another lot of a greater area belonging to him on which there was a mortgage in favor of Alice Basanta to secure the payment of a debt of the Dooley spouses from whom Kerr had acquired the lot subject to the mortgage. Albert E. Lee was a party to the said deed as the attorney in fact of Alice Basanta and rescinded the mortgage in so far as it affected the lot segregated.

The said deed having been presented in the registry for the purpose of recording the sale and the cancellation of the mortgage, the registrar admitted it to record according to his note of August 19, 1915, but as to the cancellation of the mortgage assigned as curable defects that the character and authority of Albert E. Lee were not shown and that the instrument creating the mortgage was not presented.

In order to correct these defects the appellant presented in the registry the instrument creating the mortgage executed on July 22, 1914, by the Dooley spouses in favor of Alice Basanta and another instrument of "Ratification of Power of Attorney" executed by Alice Basanta in favor of Albert E. Lee in the city of New York on December 22, 1915.

The registrar held that the defect pointed out in his note of August 19, 1915, of not having presented the instrument creating the mortgage was cured, but not the other defect of failure to show the character and authority of Albert E. Lee

as attorney in fact because the power of attorney presented was of a later date than the deed of August 6, 1915, and did not expressly ratify the cancellation of the mortgage. He so stated in a note of February 28, 1916, and José Ezequiel Rosario Santiago appealed therefrom to this court.

The appellant alleges that by merely reading the power of attorney of December 22, 1915, this court must conclude that the said instrument by retroactive effect grants express powers sufficient for the exercise of acts of strict ownership and that the deed of August 6, 1915, in which the attorney in fact rescinded the mortgage was ratified by his principal. Let us examine that instrument.

In its first clause Alice Basanta asserts that in the year before she executed a general power of attorney to Albert E. Lee and is informed that the document has been lost. In the second clause she ratifies and confirms all acts and contracts which Lee may have done or entered into previously as her attorney in fact, especially any mortgage contract pending record for lack of authority or for inability to exhibit the power already conferred and authorizes him to record any deed which he may have signed or may sign as such attorney in fact, for she expressly consents thereto as if the act or contract were done or entered into by her or with full power in her name. In the fourth clause she gives retroactive authority to Albert E. Lee to lend money secured by mortgage, to collect and receive the principal and interest when due and by giving total and partial receipts, acquittances and rescissions, or creating mortgages, which he may also sub-mortgage, to grant, encumber, exchange and liberate the properties involved in whole or in part and sign the necessary deeds and public and private documents.

As is seen, Alice Basanta, in executing the instrument of December 22, 1915, not only intended to give to Albert E. Lee powers for the future to the extent set out in the document, but also to confirm the acts and contracts which he

had previously done and entered into in her name under the power which, as she was informed, had been lost. For this purpose she expressly ratified in general terms all acts and contracts done and entered into by her attorney in fact, Lee, prior to the execution of the instrument of December 22, 1915, gave her consent to the recording in the registry of any instrument which Lee had signed in her name as if the act or contract had been done or entered into by her or with full power in her name and gave retroactive effect to the authority given to Lee in the new power of attorney, among other things, to liberate properties which were mortgaged in her favor. The expression "retroactive effect" can have no other meaning than that of supplying or correcting the defect which may be found in the acts or contracts done or entered into by Lee previously under the lost power of attorney.

We understand that the cancellation of the mortgage under consideration should have legal effect from its date without the necessity of a new instrument of ratification by the principal or by the attorney, or from the execution of the instrument of August 6, 1915, because it is so required by the intention of Alice Basanta, manifested in an unmistakable manner in the instrument of December 22, 1915. It is of no consequence that the power of attorney presented is of a later date than the deed of cancellation, for, as we have said, by that power of attorney Alice Basanta ratifies the previous acts and contracts done and entered into by her attorney and gives retroactive effect to the powers granted him thereby.

The decision of the Registrar of Property of San Juan, Section 1, of February 28, 1916, must be reversed as to the part appealed from.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.